UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ALFRETTA RENEE JOHNSON and MACK EDWARD SCOTT | ) ) ) | |
| v. | ) ) | NO. 2:07-CV-161 |
| WAYNE ANDERSON, BRENDA HENSLEY, FREDA TOOMBS, and SULLIVAN COUNTY SHERIFF'S OFFICE | ) ) ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the defendants' Motion for Summary Judgment, [Doc. 14]. This Court previously dismissed all claims asserted by Plaintiff Scott, and all of Plaintiff Johnson's except racial discrimination in employment and equal protection claims. *See* [Doc. 13]. The defendants move for summary judgment on all remaining claims.

**I. FACTS**

This Court fully set forth the facts in its previous Memorandum Opinion and Order, [Doc. 13], and thus will only outline the facts pertinent to this motion. Plaintiff Johnson was an inmate at the Sullivan County Jail from February 10, 2006, until July 12,

2006, when she was transferred to Sequatchie County Jail, where she stayed until her release on October 18, 2006. Plaintiff Johnson had been an inmate at the Sullivan County Jail on previous occasions and had participated in the inmate work program. In order to participate in the work program, an inmate must apply for trusty status and female inmates may apply for transfer to the Johnson City City Jail-Women's Work Camp ("women's work camp"). Only inmates who meet certain criteria may apply for participation in the program. Plaintiff Johnson claims that she met the criteria during her most recent stay.

Thus, on or about February 27, 2006, Plaintiff Johnson submitted a "Correctional Facility Request for Trusty Status Form," the required form to obtain acceptance into the program. According to Plaintiff Johnson's affidavit, only one form is needed, and if the inmate is not selected, then the form is filed for future consideration. In addition, and again according to her affidavit, "[i]t is not required that any member of staff give a response to an inmate's request for work status." However, Plaintiff Johnson anticipated a reply because some of the other inmates received replies denying them "trusty status." The application was returned and contained a notation, "Denied per Staff - Do not reapply!" Plaintiff Johnson submitted a follow-up request form on or about March 28, 2006, and again on or about April 20, 2006, and May 4, 2006. She alleges that the requests were received as of June 17, 2006, but she never received a response affirming or denying her request.

Plaintiff Johnson also submitted a written request to be transferred to the

2

women's work camp on or about March 28, 2006. She followed-up on the request via a verbal inquiry on or about April 6, 2006, because she received no response. She again alleges that the request was received as of June 17, 2006. She also stated that on or about April 15, 2006, a Jamie Crawford inquired of Defendant Toombs regarding Plaintiff Johnson's interest in being transferred to the women's work camp. Further, "early in May," a corrections officer asked Plaintiff Johnson why she was not a "trusty" and said he would inquire about her status. Later, this officer apparently told Plaintiff Johnson that Defendant Hensley stated that she would never receive trusty status because she had been an inmate there several times. Plaintiff Johnson alleges that Defendant Johnson said this after she found out Plaintiff Johnson was dating an African American.

Plaintiff Johnson stated in her affidavit that she "asked her boyfriend if he though[t] that [she] might be the victim of in-house discrimination by the staff of the [Sullivan County Jail]" because of a complaint she had filed against an officer as a result of an incident that occurred during one of her prior stays at the jail. She further stated that she "then asked [her boyfriend, Plaintiff Scott] if he would be [her] representative and . . . find out if [their] impressions were the cause of [her] being discriminated against by the [Sullivan County Sheriff's Office]." Moreover, Plaintiff Johnson alleges in her Complaint that on June 16, 2006, Plaintiff Scott wrote a letter to Defendant Anderson inquiring as to why Plaintiff Johnson had not received trusty status or had not been transferred to the women's work camp. She also stated in this same paragraph that Plaintiff Scott was

3

concerned that the defendant may have been a victim of discrimination because of her prior complaint. Apparently, Defendant Hensley responded to this letter on June 20, 2006, and Plaintiff Johnson alleges that the letter was "condescending and racist" and threatened to transfer Plaintiff Johnson to a facility in Nashville, Tennessee. Plaintiff Scott then replied to this letter on June 26, 2006.

Plaintiff Johnson stated in her affidavit that on her previous stays at the Sullivan County Jail, she "had no difficulty making trusty or being transferred to the [women's work program] 'in a timely manner.'" Further, while at the Sullivan County Jail, she noticed that other inmates, who had been incarcerated from one week to eight weeks, were transferred to the programs, and she stayed at that jail for twenty-two weeks before transferring to Sequatchie County Jail on July 12, 2006. Thus, she never received trusty status or acceptance into the women's work camp during her stay at the Sullivan County Jail. As a result, she filed her Complaint on July 12, 2007.

## II. STANDARD OF REVIEW

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*

4

*Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256.

5

Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is "merely colorable," or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

## III. DISCUSSION

### A. Title VII Claim

The defendants argue that this Court lacks subject matter jurisdiction over the Title VII claim because Plaintiff Johnson failed to first file a charge with the Equal Employment Opportunity Commission. According to defendants' evidence, she never filed such charge. Plaintiff Johnson stated in her Complaint that she had exhausted all administrative remedies "to the best of [her] knowledge." However, she argues in her response that "had [she] been properly advised of her rights under EEOC, [the Tennessee Department of Corrections Guidelines] and civil rights laws[,] she would have pursued them in a timely manner." She essentially contends that this Court should excuse this failure because no EEOC poster, describing employees' federal rights, was posted at the Sullivan County Jail.

First, the defendants' claim that this is a subject-matter-jurisdiction issue is incorrect. The Supreme Court announced in *Zipes v. Trans World Airlines, Inc.*, 455 U.S.

385 (1982), that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Id*. at 393. The Sixth Circuit recognized that "[s]ubsequent to *Zipes*, . . . every circuit presented with the issue has decided that the receipt of a right-to-sue letter prior to the filing of a Title VII action is not a jurisdictional prerequisite, but rather a precondition subject to equitable tolling and waiver." *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1487 (6th Cir.1989) (citing cases). The Sixth Circuit again expressed tacit approval of the notion that *Zipes* supports the conclusion that the right-to-sue letter is nonjurisdictional in *Gilday v. Mecosta County*, 124 F.3d 760, 762 (6th Cir.1997), and that court held this explicitly in *Rivers v. Barberton Board of Education*, 143 F.3d 1029, 1031 -1032 (6th Cir. 1998).

Second, it does not appear that Plaintiff Johnson contends that she filed a charge with the EEOC within the specified 300-day time limitation. She does, however, in essence, argue that this Court equitably toll such limitation. The federal courts sparingly bestow equitable tolling. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988); *Brown v. Mead Corp.*, 646 F.2d 1163, 1165 (6th Cir. 1981). Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles

7

to excuse that lack of diligence."); *see also Johnson v. United States Postal Service*, 64 F.3d 233, 238 (6th Cir.1995) (stating that a petitioner's failure to satisfy a deadline caused by "garden variety neglect" cannot be excused by equitable tolling). Absent compelling equitable considerations, a court should not extend limitations by even a single day. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 553, 561 (6th Cir. 2000) (citing *Johnson v. United States Postal Service*, 863 F.2d 48 (Table), 1988 WL 122962, at *3 (6th Cir. Nov. 16, 1988)).

> The Sixth Circuit held in *Truitt v. County of Wayne*:
>
> We have identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (citation omitted).

However, the *Truitt* court did not indicate that its list was comprehensive, nor that each of the five considerations would be material in all cases. Rather, "[t]he propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Id.* (citation omitted). Furthermore, equitable tolling is not warranted in cases of excusable neglect. *Irwin*, 498 U.S. at 96. Nor is it warranted when there has been a mistake in interpreting a statutory provision. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). In addition, ignorance of the law alone is not sufficient to invoke

8

equitable tolling. *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (holding that, "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . , there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."). A petitioner is not entitled to equitable tolling of the statute of limitations due to a lack of academic and legal education, or lack of knowledge of the law. *Turner v. Smith*, 70 F.Supp.2d 785, 787 (E.D. Mich. 1999).

Here, Plaintiff Johnson states that she was unaware of the limitations period. However, ignorance of the law alone is not sufficient to invoke equitable tolling, *Rose*, 945 F.2d at 1335; *Jourdan*, 951 F.2d at 109, and a lack of academic and legal education, or lack of knowledge of the law does not entitle a plaintiff to equitable tolling of the statute of limitations. *Turner*, 70 F.Supp.2d at 787. Moreover, Plaintiff Johnson fails to argue that she had been diligent in pursuing her suit. She did not file the suit until approximately nine months after her release from Sequatchie County Jail, and she offered no evidence to overcome summary judgment that during that time she was diligently pursuing her claim, which she alleges occurred during her stay at the Sullivan County Jail from February 10, 2006, to July 12, 2006. In addition, she does not argue that the defendants will not be prejudiced. As such, Plaintiff Johnson's failure to meet the legally-mandated deadline did not arise from circum-

9

Case 2:07-cv-00161    Document 28    Filed 04/21/09    Page 9 of 15    PageID #: 106

equitable tolling. *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (holding that, "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . , there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."). A petitioner is not entitled to equitable tolling of the statute of limitations due to a lack of academic and legal education, or lack of knowledge of the law. *Turner v. Smith*, 70 F.Supp.2d 785, 787 (E.D. Mich. 1999).

Here, Plaintiff Johnson states that she was unaware of the limitations period. However, ignorance of the law alone is not sufficient to invoke equitable tolling, *Rose*, 945 F.2d at 1335; *Jourdan*, 951 F.2d at 109, and a lack of academic and legal education, or lack of knowledge of the law does not entitle a plaintiff to equitable tolling of the statute of limitations. *Turner*, 70 F.Supp.2d at 787. Moreover, Plaintiff Johnson fails to argue that she had been diligent in pursuing her suit. She did not file the suit until approximately nine months after her release from Sequatchie County Jail, and she offered no evidence to overcome summary judgment that during that time she was diligently pursuing her claim, which she alleges occurred during her stay at the Sullivan County Jail from February 10, 2006, to July 12, 2006. In addition, she does not argue that the defendants will not be prejudiced. As such, Plaintiff Johnson's failure to meet the legally-mandated deadline did not arise from circum-

9

Case 2:07-cv-00161    Document 28    Filed 04/21/09    Page 9 of 15    PageID #: 106

stances beyond her control, and this Court **FINDS** that her claim is not entitled to equitable tolling of the limitations requirement. *See Mayers v. Campbell*, 87 Fed. Appx. 467, 470-471, 2003 WL 23140061, *1 (6th Cir. 2003) (unpublished opinion) (upholding the district court's conclusion that equitable tolling was not appropriate when the plaintiff "did not argue that he was unaware of the filing requirement, that he had been diligent, or that there was no prejudice to defendants"). Accordingly, the defendants' Motion for Summary Judgment is **GRANTED** regarding the Title VII claim.

### B. Sections 1981 and 1983 Claims

The defendants contend that the one-year statute of limitations bars the sections 1981 and 1983 claims.

#### 1. Section 1981 Claim

Title 28 United States Code section 1658 establishes a four-year statute of limitations for employment discrimination claims brought under section 1981. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004); *Anthony v. BTR Auto. Sealing Sys.*, 339 F.3d 506, 514 (6th Cir. 2003). Moreover, it has been recognized that discrimination claims which are barred under Title VII's procedural requirements may nevertheless be asserted under section 1981. *See Tartt v. City of Clarksville*, 149 Fed. Appx. 456, 463 (6th Cir. 2005) (unpublished case). Plaintiff Johnson alleges that the events giving rise to her section 1981 claim occurred during her stay at the Sullivan

10

County Jail, which was from February 27, 2006, to July 12, 2006. She filed her Complaint on July 12, 2007. Thus, this falls within the four-year statute of limitations period. Accordingly, the defendants' Motion for Summary Judgment as to the section 1981 claim is **DENIED**.[1]

### 2. Section 1983 Claim

The defendants claim that the statute of limitations has run on Plaintiff Johnson's 1983 claim. Plaintiff Johnson does not address this issue in her Response. Even liberally construing said Response, she only addresses the Title VII issue. Plaintiff Johnson's failure to respond, in and of itself, may serve as grounds for granting defendants' motion on this issue. E.D.TN. LR 7.2. However, this Court will address the issue on the merits.

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under Title 42 United States Code section 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985); *Higley v. Michigan Dep't of Corrections*, 835 F.2d 623, 624 (6th Cir. 1987), *reversed on other grounds*, Hardin v. Straub, 490 U.S. 536 (1989). For section 1983 actions arising in Tennessee, the statute of limitations

---

[1]Previously the defendants argued in their motion to dismiss that the section 1981 claim should be dismissed because no employer/employee relationship exists. This Court denied that motion and stated in its August 8, 2008 Memorandum Opinion and Order that "[w]hile it may be unlikely that plaintiffs could ultimately prevail on their Title VII and § 1981 claims . . . , the question is better suited for disposition on a motion for summary judgment." However, the defendants do not raise the issue in the present motion. Thus, this Court will not address the merits of the issue.

is one year. *See* T.C.A. § 28-3-104(a)(3); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). "Under federal law as developed in this Circuit, the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Id*. at 220.

To reiterate briefly, on February 27, 2006, Plaintiff Johnson submitted the required form to obtain trusty status. No response was required; however, Plaintiff Johnson anticipated a reply because some of the other inmates received replies denying them trusty status. Plaintiff Johnson submitted follow-up request forms on March 28, 2006, April 20, 2006, and May 4, 2006, although only one form was allowed to be filed. She alleges that the requests were received as of June 17, 2006, but she never received a response affirming or denying her requests. Plaintiff Johnson also submitted a written request to be transferred to the women's work camp on or about March 28, 2006, and she followed-up via a verbal inquiry on or about April 6, 2006, because she received no response. She again alleges that the request was received as of June 17, 2006. On April 15, 2006, Jamie Crawford inquired of Defendant Tombs regarding Plaintiff Johnson's interest in being transferred to the women's work camp, and "early in May," a corrections officer said he would inquire about her status.

Plaintiff Johnson asked her boyfriend, Plaintiff Scott, for help, and on June 16, 2006, Plaintiff Scott wrote a letter to Defendant Anderson inquiring as to why Plaintiff Johnson had not received trusty status or had not been transferred to the women's work camp. Defendant Hensley responded to this letter on June 20, 2006. Plaintiff Scott then replied to this letter on June 26, 2006.

During Plaintiff Johnson's previous stays at the Sullivan County Jail, she "had no difficulty making trusty or being transferred to the [women's work program] 'in a timely manner.'" Further, she noticed that other inmates, who had been incarcerated for considerably less time, were transferred to the programs for which she requested participation.

These facts indicate that Plaintiff Johnson knew or had reason to know that the alleged acts of discrimination occurred prior to her transfer to the Sequatchie County Jail on July 12, 2006. She had previously stayed at the Sullivan County Jail and received an answer to her prior requests "in a timely manner." In addition, she observed others, who were incarcerated for less time, receive acceptance or denials. Also telling is the fact that she asked Plaintiff Scott to help her because they thought that she was being discriminated against and not receiving acceptance due to a complaint filed on a previous stay. This Court FINDS that the plaintiff knew or had reason to know that the act providing the basis of her injury occurred before June 20, 2006. As such, her Complaint, which was filed July 12, 2007, was filed outside of the

13

one-year limitations period.

Despite Plaintiff's Johnson's failure to file the action within the applicable limitation period, like the limitation period for filing a charge with the EEOC, this limitation too may be tolled. Courts hearing section 1983 claims borrow state law to determine whether the limitations period is tolled. *Perreault v. Hostetler*, 884 F.2d 267, 270 (6th Cir. 1989). In addition to the factors set forth above, under Tennessee law, incarceration does not toll the limitations period for a prisoner's cause of action prior to the filing of the complaint, rather the limitations period is tolled for civil actions unrelated to the legality of conviction after a prisoner's complaint is filed. *Whisnant v. Byrd*, 525 S.W.2d 152, 153-54 (Tenn. 1975); *Smith v. Peebles*, 681 S.W.2d 567, 569 (Tenn. Ct. App.1984). Thus, for the reasons set forth above, Plaintiff Johnson is not entitled to the equitable tolling of the statute of limitations period regarding her section 1983 claim. The defendants' Motion for Summary Judgment regarding the section 1983 claim is **GRANTED**.

## IV. CONCLUSION

For the above-stated reasons, it is hereby **ORDERED** that the defendants' Motion for Summary Judgment, [Doc. 14], is **GRANTED IN PART** and **DENIED IN PART**. The defendants' motion in regard to Plaintiff Johnson's Title VII and section 1983 claims is **GRANTED**, and those claims are **DISMISSED**. However, the defendants' motion in regard to the section 1981 claim is **DENIED**.

ENTER:

                                                             s/J. RONNIE GREER
                                       UNITED STATES DISTRICT JUDGE